IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY as subrogee of Marcus A. Brawner, <br><br> Plaintiff, <br><br> v. <br><br> AVANT STYLES LLC, also doing business as VIRTU USA, <br><br> Defendant. | No. 3:20-cv-00300 <br> Judge Aleta A. Trauger |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

Pending before the Clerk is Plaintiff's Motion for Default Judgment (Doc. No. 29), filed pursuant to Fed. R. Civ. P. 55(b)(1). For the foregoing reasons, the Motion is **DENIED** without prejudice to refile with evidence sufficient to support its claim is for a sum certain.

### I.    PROCEDURAL HISTORY

This action was brought by Plaintiff on April 9, 2020, seeking redress for alleged violations of the Tennessee Products Liability Act ("FDCPA"), breach of implied warranty, and negligence. (Doc. No. 1). Plaintiff alleges that it provided fire and casualty insurance coverage to its insured for damages sustained to the insured's home in the amount of $199,573.53 (Doc. No. 1 at ¶ 16). Plaintiff contends it is entitled to recover this sum as subrogee of its insured. (Doc. No. 1).

Defendant was served with the Complaint and Summons on September 3, 2020. (Doc. No. 20). Defendant failed to file a response to Plaintiffs' Complaint or otherwise appear in this action. On October 26, 2020, the Clerk of Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 24).

On January 6, 2021, Plaintiff filed the pending Motion for Default Judgment (Doc. No. 29). Plaintiff's Motion and the accompanying Declaration of Alan Campbell aver that Plaintiff is entitled to recover compensatory damages in the amount of $199,573.53. (Doc. No. 29 at ¶ 12 and Doc. No. 29-1 at ¶5). Neither the Complaint, nor the Declaration of Mr. Campbell, however, included documentation supporting the claim for compensatory damages. As a result, the Clerk entered an order on January 29, 2021, holding the Motion for Default Judgment in abeyance for fourteen (14) days to allow Plaintiff time to file the documentation necessary to support its claim for damages. (Doc. No. 33).

On February 4, 2021, Plaintiff filed a Notice and revised Declaration of Alan Campbell, which included three multi-page exhibits, in support of Plaintiff's Motion for Default Judgment. (Doc. No. 34). Mr. Campbell's revised Declaration avers that Plaintiff either paid to, or on behalf of, its insured the total amount of $194,364.64. (Doc. No. 34-1 at ¶ 6). This amount is $5,208.88 less than the amount sought in Plaintiff's Complaint (Doc. No. 1) or set forth in Mr. Campbell's original Declaration (Doc. No. 29-1).

Mr. Campbell refers to Exhibit 1 to his Declaration, a document entitled "Itemization of Payments," to summarize Plaintiff's damages and to identify supporting documents labeled Exhibits 1-A through 1-C:

| Date: | Documents: | State Farm Paid: | Exhibit No.: |
|---|---|---|---|
| 06/21/2018 – 03/06/2019 | Estimate, Repairs and Payments for water damages to 809 Melville Drive, Nashville, TN | $119,662.53 | 1-A |
| 08/30/2018-09/18/2019 | Estimate and Payments for damage to Contents – Personal Property | $44,820.86 | 1-B |
| 07/16/2018-11/27/2018 | Payments for Living Expenses | $26,200.25 | 1-C |
| | Deductible (located on dwelling worksheet) | $3,681.00 | 1-A |
| | **Totals**: | **$194,364.64** | |

*See* (Doc. No. 34-2 at PageID # 102).

### A. Review of Exhibit 1-A

In support of its claim to recover $119,662.53 for damage to the insured's home, Plaintiff submits a detailed cost estimate of the quantity, unit price, tax, general contractors overhead & profit, replacement cost value, depreciation, and actual cash value of the repairs. (Doc. No. 34-2 at PageID # 104-192). The first page of the estimate entitled "Claim Rep Draft" provides a summary and overview of the detailed estimate. (Doc. No. 34-2 at PageID # 104). The Claim Rep Draft states that the "Net Actual Cash Value Payment" for "Coverage A – Dwelling – 37 Water Damage and Freezing" is $98,879.42. *Id.* The Claim Rep Draft also identifies "Maximum Additional Amounts Available If Incurred" in the amount of $20,421.18. The combined total of these two sums being $119,300.60. *Id.*

In addition, Plaintiff submits as a part of Exhibit 1-A an invoice from Donan Engineering, Inc. in the amount of $355.00. The combined total of the estimate ($119,300.60) and the amount of the Donan Engineering invoice ($355.00) totals the $119,662.53 requested in Plaintiff's Itemization of Payments.

The documents contained in Exhibit 1-A, however, do not include any evidence that Plaintiff actually paid, either to the insured or to others on behalf of the insured, the $119,300.60 set forth in the estimate. Additionally, Plaintiff provided no evidence that it either paid its insured or Donan Engineering the $355.00 set forth in the invoice.

### B. Review of Exhibit 1-B

Exhibit 1-B includes a Payment Worksheet summarizing "Coverage B" for personal property damage as follows:

| | |
|---|---|
| Estimate Total | $50,178.34 |
| Less Replacement Cost Benefits Available | - $5,357.48 |

|   | Subtotal | $44,820.48 |
|---|---|---|
|   | Less Previous Payment(s) | -$44,820.86 |
|   | **Amount Due Customer** | **$0.00** |

(Doc. No. 34-2 at PageID # 195). The document also includes the following description of payments made by type, date paid, and check number.

| Payment Type | Date Paid | Amount | Check # | User ID | Notes |
|---|---|---|---|---|---|
| Advance Payment | 10/10/2018 | $2,049.62 | 111345098J | HMN9 | Payment to CRDN (Textile cleaning) |
| Advance Payment | 10/23/2018 | $30,409.27 | 111414246J | IDOL | Packing & storage from paramount & 1-800 packouts. |
| ACV | 5/20/2019 | $9,023.68 | 111679213J | IDOL |  |
| Deferred | 9/18/2019 | $3,338.29 | 111830053J | IDOL |  |
| **Total** |  | **$44,820.86** |  |  |  |

*Id.* The payments total $44,820.86, which equals the amount claimed by Plaintiff in row two of the Itemization of Payments. (Doc. No. 34-2 at PageID # 102).

Plaintiff also includes in Exhibit 1-B a document entitled "Line Item Detail," which confirms payment of $3,338.29 for replacement cost benefits identified in the table above as "Deferred." *Id.* at PageID #199.

    **C.**    **Review of Exhibit 1-C**

Finally, Plaintiff seeks recovery of $26,200.25 for living expenses. *See* (Doc. No. 34-2 at PageID # 102). However, it is unclear how Plaintiff arrived at this sum based upon the information provided in Exhibit 1-C.

Included in Exhibit 1-C is an itemized "Projected Costs Summary Sheet" dated October 10, 2018. (Doc. No. 34-2 Page ID# 203-04). The total Projected Cost total is $25,996.49. This estimate total is comprised of the following elements:

| Projected Cost Incurred | Description |
|---|---|
| $ 4,758.14 | Motel/Hotel Jun. 21 - 29 |
| $ 4,834.90 | Temporary Housing Jun & Jul |

| $ | 333.78 | Electricity Temporary Housing Jul to Sept |
|---|---|---|
| $ | 473.37 | Electric ALE for Oct - Dec |
| $ | 228.05 | Electric Usage from Mitigation |
| $ | 3,834.00 | Rent for Aug. and Sept. |
| $ | 11,534.25 | Rent for Oct.-Dec. |
| **$** | **25,996.49** | **TOTAL** |

*Id.*

Plaintiff also included various invoices for hotels, temporary housing, and electricity.

1. <u>Hotel Expenses</u>

Plaintiff submitted an invoice from Temporary Housing Directory, Inc. dated July 18, 2018, in the amount of $4,667.68, for management fees and the cost of temporary housing at Home2 Suites Nashville Vanderbilt for the period June 22-29, 2018. *Id.* at Page ID # 215-16. Plaintiff also submitted invoices from Home2 Suites for the same timeframe, which total $4,465.41. *Id.* at PageID # 217-20. It is unclear from the information provided by Plaintiff which of these invoices Plaintiff may have paid and now seeks to recover. Finally, Plaintiff submitted an invoice from the Residence Inn in the amount of $292.70, but did not include evidence of payment.

2. <u>Temporary Housing</u>

Plaintiff submitted three invoices and one credit card statement to support recovery of temporary housing expenses. (Doc. No. 34-2 at PageID # 205, 206, 208, and 210). The invoices, identified below, total $16,114.77.

| **Temporary housing** | | **Doc. No. 34-2** |
|---|---|---|
| $ 4,534.90 | Tapestry Brentwood Town Center - July Rent and other fees | PageID # 205 |
| $ 3,846.27 | Bell Apartment Living - December Rent | PageID # 206 |
| $ 3,844.75 | Bell Apartment Living - October Rent | PageID # 208 |
| $ 3,888.85 | Credit Card statement - Sept Rent | PageID # 210 |
| **$ 16,114.77** | **TOTAL** | |

Once again, Plaintiff provided no evidence that it paid its insured, or any other party on the insured's behalf for these amounts. Additionally, these amounts do not align with the amounts set forth in the Projected Cost Summary.

### 3. Utilities - Electricity

Plaintiff submitted the following Nashville Electric Service (NES) invoices totaling $1,490.37. (Doc. No. 34-2 at Page ID # 207, 209, 211-214, and 221).

| NES Invoice | Statement Date | Address | Doc. No. 34-2 |
|---|---|---|---|
| $ 461.35 | 7/22/2018 | 809 Melville Dr. | Page ID # 221 |
| $ 149.93 | 8/22/2018 | 809 Melville Dr. | Page ID # 214 |
| $ 154.80 | 8/23/2018 | 300 Centerview Dr. 412 | Page ID # 213 |
| $ 224.25 | 9/22/2018 | 809 Melville Dr. | Page ID # 212 |
| $ 178.95 | 9/23/2018 | 300 Centerview Dr. 412 | Page ID # 211 |
| $ 184.49 | 10/22/2018 | 809 Melville Dr. | Page ID # 207 |
| $ 136.60 | 10/23/2018 | 300 Centerview Dr. 412 | Page ID # 209 |
| $ 1,490.37 | TOTAL | | |

It is not evident from the documents submitted, however, how much Plaintiff paid the insured or others on his behalf for the electric service reflected in these invoices or in the Projected Cost Summary.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(a) provides that the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise." Fed. R. Civ. P. 55(a). Upon entry of default, well-pleaded allegations relating to liability are taken as true. *In Re: Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). However, default is not considered an admission of damages. *Long v. Morgan*, 451 F. Supp. 3d 830, 832 (M.D. Tenn. 2020). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. at 832–33. Default judgment may be entered by the Clerk

only "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). A "claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. *De'Mario Driver v. Fabish*, No. 3:13-CV-01087, 2017 WL 413719, at *1 (M.D. Tenn. Jan. 31, 2017), *report and recommendation adopted sub nom. Driver v. Fabish*, No. 13CV-01087, 2017 WL 998071 (M.D. Tenn. Mar. 15, 2017). Furthermore, a [p]laintiff cannot satisfy the certainty requirement simply by requesting a specific amount." 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2683 (4th ed.). And an insurer's estimate of damages is not a "sum certain." *Ins. Co. of N. Am. v. S/S Hellenic Challenger*, 88 F.R.D. 545, 548 (S.D.N.Y. 1980), *see also Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia*, 523 F. Supp. 1076, 1084 (D. Md. 1981).

Based upon a thorough review the most recent information provided by Plaintiff, the Clerk remains unable to determine the sum-certain amount to which it may be entitled. First, the amounts sought by Plaintiff in its Complaint, the original Declaration of Mr. Campbell, and the revised declaration of Mr. Campbell differ by $5,208.88, for which no explanation was provided. Second, in support of the bulk of Plaintiff's claim ($119,662.53), Plaintiff provides only an insurer's estimate with no evidence that Plaintiff paid to or on behalf of the insured the amounts set forth in the estimate. As stated above, an insurer's estimate is not a sum certain.

With regard to the claim for living expenses set forth in Exhibit 1-C, Plaintiff fails to offer any explanation as to how it calculated the $26,200.25 requested. Upon thorough review of the documents offered in support, the Clerk was unable to recreate the computations necessary to explain how Plaintiff calculated this amount.

Although Plaintiff did not provide sufficient evidence to establish a sum certain claim for damages in the documents provided in Exhibits 1-A and 1-C, Plaintiff did provide evidence of payment for the $44,820.86 claimed in Exhibit 1-B. The Payment Worksheet provides dates and

amounts of payment, along with check numbers.

With the exception of the above referenced claim for $44,820.86, Plaintiff has provided insufficient evidence for the Clerk to establish, either on its face or through calculation, a sum certain claim for damages pursuant to Fed. R. Civ. P. 55(b)(1). As a result, Plaintiff's Motion for Default Judgment (Doc. No. 29) is **DENIED** in its entirety, but without prejudice to refile with sufficient proof to establish a sum certain claim for damages.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court